# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5542 | **DATE** | 9/10/2010 |
| **CASE TITLE** | Julian Pearson vs. Student Scout | | |

**DOCKET ENTRY TEXT**

For the reasons stated, Pearson's Motion to Proceed *In Forma Pauperis* [4] is granted.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Julian Pearson ("Pearson") moves to proceed *in forma pauperis* without the full prepayment of filing fees. For the reasons stated below, Pearson's Motion to Proceed *In Forma Pauperis* is granted.

Pearson's Complaint alleges that Student Scout discriminated against him based on his sex, in violation of Title VII of the Civil Rights Act of 1964, by failing to promote him. He also alleges that Scout retaliated against him for asserting his rights.

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Pearson to proceed *in forma pauperis* if he is unable to pay the mandated court fees. Pearson need not be penniless to proceed *in forms pauperis* under § 1915(a). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, he is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent him from providing for life's necessities. *See id.* According to his financial affidavit, Pearson has been unemployed since April 2009, and since that time he has received $4,924 in unemployment benefits.[1][1]The Court notes that Pearson's financial affidavit claimed $7,072 in public assistance without referring to a specific time period. The Court's clerk verified the accuracy of this with Pearson, and he corrected the amount to $4,924 in unemployment benefits received since his unemployment began in 2009. Pearson is single, has no dependents, but lives with a family member, Craig Pearson, who has a yearly salary of $27,000. Neither Pearson nor anyone else living at the same residence has personal property worth over $1,000, nor do they have more than $200 in cash, checking, or savings accounts. Based on these facts, Pearson's financial affidavit sets forth his inability to pay the mandated court fees.

The Court, however, must look beyond Pearson's financial status. Section 1915 requires the Court to review the claims of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is

| STATEMENT |
|---|

frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). Here, Pearson alleges that his former employer denied giving him a promotion based on his sex. The EEOC reviewed his claim, issued a right to sue letter, Pearson filed this case in a timely manner after issuance of that letter.[22] In his Complaint, Pearson checks a box titled "the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue*." The last page of the Complaint, however, includes a copy of the EEOC dismissal and notice of right to sue. Although Pearson may have inadvertently checked that box, his case is properly before the Court because he filed the Complaint on September 1, 2010, which is within 90 days of the Notice of Right to Sue, which was issued on June 4, 2010. Pearson's Complaint provides the Defendants with adequate notice of the charges and at this initial stage does not appear frivolous or otherwise meritless. Therefore, Pearson's Complaint is properly before the Court.

For the reasons stated, Pearson's Motion to Proceed *In Forma Pauperis* is granted.