IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| JULIAN PEARSON | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10 C 5542 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| PEOPLESCOUT, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Julian Pearson, proceeding *pro se*, sued his former employer, PeopleScout, Inc. ("PeopleScout"), first alleging that he was not promoted because of his sex and then, in an amended complaint, alleging that he was terminated for complaining to the Equal Employment Opportunity Commission ("EEOC") about not being promoted. PeopleScout moved to dismiss the amended complaint, asserting it is time barred by Title VII's 90 day statute of limitations and the it does not relate back to Pearson's timely-filed first complaint. (Doc. 23.) For the reasons below, the Court grants PeopleScout's motion.

I. **BACKGROUND**

On January 3, 2008, Pearson filed a charge of discrimination against "Student Scout" with the EEOC, alleging that he was denied promotions in June 2007 and October 2007 ("First Charge"). (Doc. 24-1.)[1] In that charge, Pearson stated "I believe that I have been retaliated against for engaging

---

[1] Pearson does not dispute that he filed the EEOC charges and received the right-to-sue letters attached to PeopleScout's motion papers. The Court takes judicial notice of those documents. *See Metz v. Joe Rizza Imports, Inc.*, 700 F. Supp. 2d 983, 989 n.2 (N.D. Ill. 2010) (citing F.R.E. 201(b), taking judicial notice of EEOC charge and right-to-sue letters attached to the defendant's Rule 12(b)(6) complaint, and collecting cases).

in a protected activity." (*Id.*)  On May 7, 2008, Pearson filed a second charge of discrimination

against "Student Scout," this time alleging that he

> filed an EEOC Charge of Discrimination [the First Charge] . . . on
> January 3, 2008.  Subsequently I was subjected to different terms and
> conditions of employment.  I complained to [Student Scout].
> Subsequently, I was discharged.  I believe I have been discriminated
> against for engaging in a protected activity.

(Doc. 24-2.)  On June 4, 2010, the EEOC mailed two notice of rights letters to Pearson, one for the

First Charge, and the other for the Second Charge.  (Docs. 24-3; 24-4.)

Eighty-eight days later, on September 1, 2010, Pearson filed the instant suit against Student

Scout.  His first complaint, completed with the aid of a form, indicated that he was no longer

employed with Student Scout.  (Doc. 1 ¶ 5.)  He alleged he was discriminated against on account of

his sex and that Student Scout retaliated against him.  (*See id.* ¶¶ 9, 12.)  The only fact Pearson

alleged was that "[t]he reason given for my lack of promotion was that an [sic] authorative figure

like myself could not make a good supervisor." (*Id.* ¶ 13.)  Pearson attached only the First Charge

to that Complaint.  (*See* Doc. 1.)

After Student Scout was served and failed to appear, the Court entered default judgment in

favor of Pearson.  (*See* Doc. 11.)  Two days later, PeopleScout appeared and moved the Court to

vacate the default judgment and to allow it to respond to Pearson's complain, explaining that Student

Scout is not a separate legal entity, but rather a division of PeopleScout, and that the individual

served was not authorized to accept service on behalf of PeopleScout.  (*See* Doc. 14.)  At a hearing

on December 15, 2010, the Court granted PeopleScout's motion and instructed Pearson to file an

amended complaint naming PeopleScout and to add any factual allegations he had against

PeopleScout. On December 17, 2010, Pearson filed his amended complaint.  That complaint, using

a different form, only lists a single fact: "[a]fter the plaintiff filed a complaint against defendant with the EEOC, the defendant took retaliatory action." (Doc. 20 at 4.) Pearson did not attach either charge to the amended complaint. (*See* Doc. 20.) PeopleScout filed this motion to dismiss.

## II.    STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the plaintiff. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In analyzing whether a complaint has met this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines if they plausibly give rise to an entitlement to relief. *Id.* A claim has facial plausibility when the pleaded factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See id.* at 1949. A case may be dismissed on statute of limitations grounds on a Rule 12(b)(6) motion to dismiss "if the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)).

## III.    DISCUSSION

PeopleScout asserts that Pearson's first complaint, his only complaint filed within 90 days of the two right-to-sue letters, is based only on the First Charge. According to PeopleScout, because the amended complaint is based solely on the Second Charge and the amended complaint does not relate back to the first complaint, it is time-barred because it was not filed within 90 days of receiving the right-to-sue letter for the Second Charge. A plaintiff alleging a Title VII violation must bring suit within 90 days of receiving a right-to-sue notice from the EEOC. See 42 U.S.C. § 2000e-5(f)(1). This period is strictly enforced. *See e.g., Jackson v. Fed. Bur. of Investigation*, No. 02 C 3957, 2007 WL 2492069, at *5 (N.D. Ill. Aug. 28, 2007) (noting "[t]he time limit is not flexible, even for *pro se* litigants, and a one-day delay is fatal.")

Even if the Court construes Pearson's *pro se* filing liberally, the first complaint only alleges the conduct described in the First Charge. The only fact in the first complaint concerns Pearson being passed over for promotion. That complaint only attaches the right-to-sue letter for the First Charge, though, presumably, Pearson had both right-to-sue letters when he filed the complaint, as they were sent on the same day. Put simply, there is absolutely nothing in the first complaint that suggests that PeopleScout retaliated against Pearson for going to the EEOC. The amended complaint, in turn, abandons the First Charge and focuses exclusively on the Second Charge. The only fact listed in the amended complaint concerns PeopleScout's alleged retaliation against Pearson for going to the EEOC. It states nothing about Pearson not receiving promotions. Because Pearson filed the amended complaint well beyond the 90-day period that began in June 2010, that complaint is time barred unless it relates back, under Rule 15, to Pearson's first complaint.

Under Rule 15, "[a]n amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out–or attempted to be set out–in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). An amended complaint relates back to the original complaint if "the factual situation upon which the action depends remains the same and has been brought to defendants's attention by the original pleading." *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001) (quoting 6A Charles Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1497 (1990)); *see also Ellzey v. United States*, 324 F.3d 521, 526 (7th Cir. 2003) *overruled on other grounds* 545 U.S. 644, 653-54 (commenting that Rule 15(c) uses "the broad[] phrase 'conduct, transaction, or occurrence'–which is to say, the events under analysis, *not* the legal themes deployed in the analysis" and this "same transaction approach" is consistent with the law on claim preclusion and compulsory joinder) (emphasis in original).

Pearson's First Charge arises from a different set of facts than his Second Charge. In his First Charge, he alleges that he was passed over for promotion in June 2007 and October 2007 because of his sex. In his Second Charge, he alleges that PeopleScout retaliated against him for filing the First Charge with the EEOC in 2008. To prove a violation of Title VII for the acts described in the First Charge, he will need to show that, in 2007, PeopleScout chose not to promote him because he is male. In contrast, proving a Title VII violation with respect to the Second Charge will focus on a wholly different set of facts not related to promotions, including PeopleScout's knowledge of the First Charge and whether PeopleScout fired him because he went to the EEOC. Indeed, Pearson states that the discrimination alleged in the First Charge took place between June 1, 2007 and October 30, 2007 (Doc. 24-1), while the alleged retaliation described in the Second Charge took

place six months later in April 2008 (Doc. 24-2).  In other words, though the First Charge is prelude

to the Second Charge, they arise out of different "conduct, transaction[s] and occurence[s]" and

Pearson's amended complaint does not relate back to his timely first complaint.  *See* Fed. R. Civ.

P. 15(c)(1)(B); *see also Washington v. Potter*, No. 09 C 1774, 2010 WL 2635649, at *3 (N.D. Ga.

Jun. 28, 2010) (dismissing an amended complaint as time barred because it abandoned plaintiff's

first EEOC charge and raised only her second charge, and the two charges concerned different

conduct at different points in time).  Consequently, his amended complaint is time-barred because

it was not filed within 90 days of receiving the right-to-sue letter for the Second Charge.

## IV.  CONCLUSION

For the foregoing reasons, PeopleScout's motion to dismiss (Doc. 23) is granted and

Pearson's amended complaint is dismissed with prejudice.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: April 26, 2011